UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIE R BRIGGS** | **CASE NO. 6:21-CV-02120** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JOSE G CASTILLO ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by defendant Jose G. Castillo ("Castillo" or "Defendant"). (Rec. Doc. 5). Plaintiff opposes the motion. (Rec. Doc. 13). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be DENIED.

## Factual Background

This suit arises from a truck accident on July 3, 2020 on I-10 in Lafayette Parish, Louisiana. (Rec. Doc. 1-6; 13-1 at p. 1). On that date, Plaintiff and defendant Castillo were both driving semi-trucks pulling cargo trailers when Plaintiff alleges Castillo changed lanes in front of him causing an unavoidable collision. (Rec. Doc. 1-6 at ¶ 2). Plaintiff was driving a truck owned by Dairy Transport Services of Gonzales, Louisiana, while Castillo was driving a truck owned

by IGA International Freight Line, Inc. ("IGA"). An accident report issued by the responding officer indicates he found Castillo to be in violation of La. R.S. 32:79 for improper lane usage. (Rec. Doc. 13-1 at p. 7). The officer did not issue a citation to Castillo. The officer further noted that "…Castillo has a Mexico Class B CDL driver's license (NVOL19631). Mexico is not an option on the crash report." (*Id.*). The officer listed the following address for Castillo: 269 Sulphur Mine Rd., Laredo, TX, 78045. (*Id.*).

On or about June 14, 2021, Plaintiff filed suit against Castillo, IGA, and IGA's insurer, Trisura Specialty Insurance Company ("Trisura") in Louisiana's Fifteenth Judicial District Court for the Parish of Lafayette, alleging injury and resulting damages caused by the July 2020 accident. (*Id.*, generally). Trisura, an Oklahoma domiciliary, removed the suit to this forum on or about July 21, 2021. (Rec. Doc. 1, 1-9).

Plaintiff's petition and service affidavits filed in the state court record indicate Plaintiff requested service under Louisiana's Long Arm Statute (La. R.S. 13:3201, et seq.) as to both Castillo and IGA, separately, at the same address: 269 Sulphur Mine Rd., Laredo, TX, 78045. (Rec. Docs. 1, 1-2, 1-6). Plaintiff served Trisura, through the Louisiana Secretary of State pursuant to La. R.S. 13:3474, *et seq*. (Rec. Docs. 1, 1-6, 1-9).

Castillo filed the instant motion, asserting a defect in service and seeking dismissal for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5). (Rec. Doc. 5). The motion is fully briefed and properly before the Court for consideration.

## **Law and Analysis**

Service upon an individual in a foreign country is governed by Fed. R. Civ. P. 4(f), which provides for proper service

> (1)   by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.
>
> (2)   If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A)   As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B)   As the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C)   Unless prohibited by the foreign country's law, by:
>>> (i)   Delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii)  Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt or
>
> (3)   By other means not prohibited by international agreement, as the court orders.

3

Domicile is comprised of two elements: residence in fact and the intention to make the residence one's permanent home. 35 C.J.S., Federal Courts, § 56. A person's domicile persists until clearly abandoned. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) citing *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) and *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) cert. denied, 419 U.S. 842 (1974). There is a presumption in favor of continued domicile, such that the party arguing a change in domicile must produce evidence of a change in residence in fact or the intent to remain. (*Coury,* 85 F.3d at 250 citing *Lew*, 797 F.2d at 751).

Mexico and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). 20 U.S.T. 361 (1969). The Hague Convention is a treaty formed for the purpose of creating a means for the service of documents abroad among its signatory nations, in hopes of simplifying international service of process. Where the Hague Convention applies, compliance with its terms is mandatory. *Volkswagenwerk Akteingesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Plaintiff attempted to serve Castillo under Louisiana's long arm statute for service, La. R.S. 13:3204, which permits domiciliary service upon a foreign defendant by registered or certified mail, or by commercial carrier. Plaintiff does not seriously argue that Castillo is domiciled at IGA's business address, where service was attempted. Rather, Plaintiff argues that he was entitled to rely upon the

address listed in the accident report. (Rec. Doc. 13 at p. 1). Plaintiff asserts that Castillo's true domicile is "somewhere near Laredo" considering the 140-mile commute that Castillo would undertake between his proffered address at Magarita Maza de Juarez 105 Interior, Colonia San Jose Sur, Santiago Nuevo Leon, Monterrey, Mexico. Plaintiff further argues that Castillo undoubtedly received actual notice of the suit, since he is represented in this matter by counsel. (*Id.*). Plaintiff's position is not supported by applicable law.

Under the Hague Convention, service on a Mexican citizen must be initiated via Mexico's "Central Authority." Mexico formally objected to all alternative channels of service, including service via mail, under Article 10 of the Hague Convention, leaving service via Central Authority as the sole means of service as to foreign defendants within its borders. *Compass Bank v. Katz*, 287 F.R.D. 392, 396-97 (S.D. Tex. 2012) (internal citations omitted). As Mexico and the United States are signatories to the Hague Convention, its provisions apply in this case. *Howard v. Krull*, Civ. Act. No. 19-CV-12501, 438 F.Supp.3d 711, 714-15 (E.D. La. 2020) (Hague Convention applies in cases where service emanates from one signatory nation and culminates in a foreign signatory nation).

Plaintiff's arguments regarding domicile and actual notice are conjecture and do not relieve Plaintiff, as the party asserting claims, from the obligation to prove proper service. *Holly v. Metro. Transit Auth.*, 213 Fed.Appx. 343, 344 (5th Cir. 2007)

citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (party alleging service bears the burden of demonstrating its validity when an objection is made); *Clay v. Clay*, 389 So.2d 31 (La. 1979); *Conner v. Continental Southern Lines, Inc.*, 294 So.2d 485 (La. 1974) (reh'g denied) (even where a defendant has actual knowledge of a suit via other means, the failure to effect proper service is fatal to personal jurisdiction).

Rule 4(m) instructs that an action is subject to dismissal if proper service is not made within 120 days of the filing of the complaint. Dismissal is improper when the plaintiff shows "good cause" for such failure. The Fifth Circuit describes "good cause" as

> at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.

*Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). Where service to a foreign defendant is concerned, a flexible due diligence standard governs the appropriateness of dismissal under Rule 4(f). *Lozano v. Bosdet*, 693 F.3d 485 (5th Cir. 2012) (the extreme sanction of dismissal is warranted where a party's conduct is "contumacious" in its "stubborn resistance to authority"). The record before the Court and, indeed Plaintiff's own brief, indicates Plaintiff's continuing failure to act upon the notice of Castillo's proper domiciliary address as provided no later than

July 22, 2021. (*See*, Rec. Doc. 5). Although the Court envisions service via the Hague Convention's Central Authority procedure will take more time than traditional service methods, Plaintiff offers no valid excuse for his failure to institute the process, which might have been completed by this date if started upon receipt of the unrefuted evidence of Castillo's domiciliary address in Mexico. These facts demonstrate conduct resistant to authority, making dismissal appropriate at this time. *Lozano*, 693 F.3d at 490. Out of an abundance of caution, the Court will provide Plaintiff 14 days in which to file proof of the institution of proper service under the Hague Convention. Should Plaintiff neglect to institute service as directed, all claims against Castillo will be subject to dismissal.

## Conclusion

For the reasons discussed herein, the undersigned recommends that the motion to dismiss filed by defendant Castillo be DENIED at this time. It is further recommended that Plaintiff be given fourteen (14) days in which to provide evidence of the institution of service as to defendant Castillo according to the Hague Convention. It is, finally, recommended that, should Plaintiff fail to institute service within the fourteen (14) days provided, all claims by Plaintiff against Castillo should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

7

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of January, 2022.

                                                       _____
                                                      PATRICK J. HANNA
                                                      UNITED STATES MAGISTRATE JUDGE